IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:24-CV-00180-KDB-SCR

| | |
|---|---|
| **RENEE SPACHER KENDALL,**<br><br>   **Plaintiff,**<br><br>   v.<br><br>**REGIONAL ENTERPRISES, LLC,**<br><br>   **Defendant.** | **ORDER** |

**THIS MATTER** is before the Court on Defendant Regional Enterprises, LLC's Motion to Compel Arbitration (Doc. No. 8). The Court has carefully considered this motion and the parties' briefs and related exhibits. For the reasons discussed below, the Court will **GRANT** the motion.

## I.   LEGAL STANDARD

The Federal Arbitration Act ("FAA") represents "a liberal federal policy favoring arbitration agreements" and applies "to any arbitration agreement within the coverage of the [FAA]." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). Under Section 2 of the FAA, a written arbitration provision "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2 (2012). Furthermore, the Supreme Court has held that "courts must rigorously enforce arbitration agreements according to their terms." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011).

In the Fourth Circuit, a litigant can compel arbitration under the FAA if he can demonstrate: "(1) the existence of a dispute between the parties, (2) a written agreement that

1

includes an arbitration provision which purports to cover the dispute, (3) a relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect or refusal of [a party] to arbitrate the dispute." *Galloway v. Santander Consumer USA, Inc.*, 819 F.3d 79, 84 (4th Cir. 2016); *see also Chorley Enters., Inc. v. Dickey's Barbecue Rests., Inc.*, 807 F.3d 553, 563 (4th Cir. 2015). Agreements to arbitrate are construed according to ordinary rules of contract interpretation, as augmented by a federal policy requiring that all ambiguities be resolved in favor of arbitration. *Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 710 (4th Cir. 2011). Whether a party agreed to arbitrate a particular dispute is a question of state law governing contract formation. *Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 500-01 (4th Cir. 2002). "[T]he party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration." *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 81 (2000).

If the Court sends a case to arbitration, it must stay the case if either party requests it, assuming that there are no other reasons to dismiss unrelated to the fact an issue in the case is subject to arbitration. *See Smith v. Spizzirri*, 144 S. Ct. 1173, 1176 (2024). For example, where all the claims at issue in a lawsuit are arbitrable, but neither party has requested a stay, the court may dismiss the lawsuit for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). *Wake Cnty. Bd. of Educ. v. Dow Roofing Sys., LLC*, 792 F. Supp. 2d 897, 900 (E.D.N.C. 2011); *see also Choice Hotels Intern.,* 252 F.3d at 709-10 ("[D]ismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable.").

Alternatively, where the claims at issue are arbitrable, but neither party has requested a stay, a court may choose to stay a lawsuit pending the parties' completion of arbitration. *See Silkworm Screen Printers, Inc. v. Abrams*, No. 91-1631, 1992 WL 317187, at *6

(4th Cir. Nov. 4, 1992) ("If the district court finds that [plaintiff] agreed to arbitrate ... it may either dismiss [plaintiff's] complaint for lack of subject matter jurisdiction or stay its proceedings pending arbitration and consideration of the award pursuant to Article V of the Convention.").

## II. FACTS AND PROCEDURAL HISTORY

In April 2023, Plaintiff and Defendant, Regional Enterprises, LLC, entered into a contract in which Plaintiff purchased a manufactured home from Defendants. (Doc. No. 1-2). The home was delivered in June 2023. *Id.* Included in the contract is an arbitration agreement, which provides that "disputes shall be resolved by binding arbitration upon request of either party at any time." (Doc. No. 6-1).

As part of the contract, Defendant was responsible for preparing the homesite. (Doc. No. 1-2). Preparation included the installation of a raised soil pad, concrete footers, and installing the HVAC. *Id.* Plaintiff alleges the following: (1) the home was placed when no one was present at the site, despite the agreement stating that "buyer must have representative at the delivery site to ensure proper placement of [the] home," (2) the home was placed in the wrong location, depriving Plaintiff of the use of her patio, (3) Defendant did not install the soil pad, and as a result, water pools under the home's foundation and sits against the foundation, which may cause the floors to warp over time and risk the home sinking into the mud, (4) the concrete footers were improperly installed, and along with the lack of a soil pad, have resulted in the front of the house tilting one way and the rear of the home tilting another, and (5) the HVAC was installed with crushed coils and the platform it sits on is eroding and sinking. *Id.* Plaintiff further alleges that despite multiple requests to Defendant for remediation, the defects have not been cured. *Id.*

On June 5, 2024, Plaintiff filed this action in state court, alleging breaches of contract and the implied covenant of good faith and fair dealing, as well as negligent construction. *Id.* Defendant

timely removed the matter to federal court under diversity jurisdiction and filed a motion to compel arbitration. (Doc. No. 8). Plaintiff does not oppose arbitration; rather, she simply asks that the court compel arbitration under North Carolina law. (Doc. No. 11). The motion has been fully briefed and is ripe for the Court's ruling.

### III. DISCUSSION

The parties agree that the Agreement contains a mandatory arbitration provision. (Doc. Nos. 8, 11). It is further undisputed that no arbitration has taken place. The only dispute is as to what law will govern the arbitration. Accordingly, the issues to be decided are whether this Court should compel arbitration, whether this Court should reach the merits of the choice of law dispute, and whether the Court should either stay the proceedings or dismiss the Complaint.

#### A. The Arbitration Agreement

The contract contained an arbitration agreement, whereby the parties agreed that either party could request binding arbitration to resolve a dispute. (Doc. No. 6-1). The agreement stated that disputes include "all disputes, Claims (as defined above), actions, breaches, disagreements, or controversies arising out of, or related to, or based upon any prior, current, or future agreement, Documents, loan, account, service, activity, condition, warranty, extension of credit, contract, transaction (proposed or actual), event, or occurrence, whether individual or joint." *Id.* In addition, the agreement stated that the arbitrator shall resolve any dispute relating to the "applicable doctrines" section. *Id.* The "Applicable Doctrines" section contains a choice of law provision stating that disputes would be arbitrated under Mississippi law. *Id.*

As previously stated, the parties do not dispute the existence of the arbitration agreement and its terms clearly apply to this dispute. Therefore, the Court will grant the Defendant's motion to compel arbitration.

4

### B. Choice of Law

The sole disputed issue as to this motion is what law should be applied during the agreed arbitration. The arbitration agreement states that Mississippi law applies, and that the arbitrator shall resolve any choice of law disputes. *Id.* However, Plaintiff argues that North Carolina law should apply because the contract was signed, Plaintiff lives in, and the homesite is in North Carolina. (Doc. No. 11). Plaintiff further alleges that the records on file with the North Carolina Secretary of State indicate that Defendant does not have a connection to Mississippi. *Id.* Defendant contests this, noting that at the time of the agreement, the LLC had a principal place of business and the manager residing in Mississippi, though the exhibit provided references calendar year 2022, not 2023. (Doc. No. 8-1).

As previously stated, the FAA governs arbitration contracts. "We must interpret the [Federal Arbitration] Act as written, and the [Federal Arbitration] Act in turn requires that we interpret the contract as written. *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 586 U.S. 63, 68 (2019). "[A] contract's general choice-of-law provision does not displace federal arbitration law if the contract involves interstate commerce." *Stifel, Nicolaus & Co. v. Stern*, 450 F. Supp. 3d 645, 651 (D. Md. 2020) (quoting *Rota-McLarty v. Santander Consumer USA, Inc.*, 700 F.3d 690, 697 (4th Cir. 2012)). "[C]hoice-of-law is an issue the parties have delegated to the arbitrator and, thus, Plaintiffs may raise their choice-of-law dispute before the arbitrator." *Buckmire v. LaserShip, Inc.*, 2022 WL 4585523, at *7 (E.D. Va. Sept. 29, 2022). *See Gibbs v. Stinson*, 421 F. Supp. 3d 267, 305 (E.D. Va. 2019), *aff'd sub nom. Gibbs v. Sequoia Cap. Operations, L.L.C.*, 966 F.3d 286 (4th Cir. 2020) (stating that once the court determines there is a valid arbitration agreement, choice-of-law questions "must be determined in the first instance by the arbitrator" (internal quotation marks omitted)); *see also High Country Dealerships, Inc. v. Polaris Sales, Inc.*, 2018 WL 3620494, at *3

5

(W.D.N.C. July 30, 2018) (stating that whether the choice of law provision in the valid arbitration agreement applies should be decided by the arbitrator.).

Here, there is a valid arbitration agreement containing a choice of law provision. The agreement provides that interstate commerce is involved and contains a provision whereby the arbitrator determines whether a choice of law provision should be enforced. (Doc. No. 6-1). This language clearly delegates arbitrability issues, including choice of law, to an arbitrator. Thus, this Court will leave the question as to what law applies during the arbitration to the arbitrator, as per the agreement.

Finally, given that neither party has requested a stay of court proceedings during arbitration, and because all the claims are arbitrable, the Court will dismiss the case under Rule 12(b)(1).

## IV.  ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendant's Motion to Compel Arbitration (Doc. No. 8) is **GRANTED;** and
2. The Clerk is directed to close this matter in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: October 2, 2024

Kenneth D. Bell
United States District Judge